# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

---

RAVON BOYD[1],

    Plaintiff,

v.

THE CITY OF MIAMI, a municipal corporation; SERGEANT CLAUDE ADAM (#40471), individually and as agent of the City of Miami; OFFICER ALAN PEREZ, individually and as agent of the City of Miami; OFFICER JUAN CASIANO (#41135), individually and as agent of the City of Miami; and OFFICER BRIAN CASTRO (#41082), individually and as agent of the City of Miami,

    Defendants.

No:

*Plaintiff Demands Jury Trial*

## COMPLAINT

NOW COMES the Plaintiff, RAVON BOYD, by and through his attorneys, RUSSOMANNO & BORRELLO, P.A., ROMANUCCI & BLANDIN, LLC and H. CANDACE GORMAN, and for Plaintiff's Complaint at Law against Defendants, THE CITY OF MIAMI, a municipal corporation; SERGEANT CLAUDE ADAM (#40471), individually and as agent of the City of Miami; OFFICER ALAN PEREZ, individually and as agent of the City of Miami; OFFICER JUAN CASIANO (#41135), individually and as agent of the City of Miami; and OFFICER BRIAN CASTRO (#41082), individually and as agent of the City of Miami, Defendants, pleading hypothetically and in the alternative, states as follows:

## JURY DEMAND

1. Plaintiff RAVON BOYD hereby demands a trial by jury.

---

[1] The Florida department of corrections has incorrectly listed Mr. Boyd's first name as Reyvon. This is the correct spelling of Mr. Boyd's first name.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, as well as supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Southern District of Florida.

## PARTIES

4. At all times relevant, Plaintiff, RAVON BOYD, was a citizen of the United States and a resident of the City of Miami, County of Miami-Dade, State of Florida.

5. At all times relevant, Defendant, THE CITY OF MIAMI, is and was a municipal corporation organized under the laws of the State of Florida.

6. At all times relevant, the Defendant, CITY OF MIAMI, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Miami Police Department.

7. At all times relevant, Defendant Sergeant CLAUDE ADAM was a Miami Police Officer employed by the Defendant CITY OF MIAMI.

8. At all times relevant, when Defendant Sergeant CLAUDE ADAM engaged in the complained of conduct, he was acting under color of law and in the course of his employment as a Miami Police Officer.

9. At all times relevant, Defendant Officer ALAN PEREZ was a Miami Police Officer employed by the Defendant CITY OF MIAMI.

10. At all times relevant, when Defendant Officer ALAN PEREZ engaged in the complained of conduct, he was acting under color of law and in the course of his employment as a Miami Police Officer.

11. At all times relevant, Defendant Officer JUAN CASIANO was a Miami Police Officer employed by the Defendant CITY OF MIAMI.

12. At all times relevant, when Defendant Officer JUAN CASIANO engaged in the complained of conduct, he was acting under color of law and in the course of his employment as a Miami Police Officer.

13. At all times relevant, Defendant Officer BRIAN CASTRO was a Miami Police Officer employed by the Defendant CITY OF MIAMI.

14. At all times relevant, when Defendant Officer BRIAN CASTRO engaged in the complained of conduct, he was acting under color of law and in the course of his employment as a Miami Police Officer.

15. Defendants ADAM, PEREZ, CASIANO, and CASTRO are hereinafter collectively referred to as "Defendant Officers."

## FACTUAL ALLEGATIONS

16. On May 12, 2017, Plaintiff RAVON BOYD was involved in a foot pursuit with Defendant Officers.

17. During this pursuit, Defendant ADAM, seeing Plaintiff, shouted at Mr. Boyd to "get on the ground."

18. Immediately following Defendant ADAM's command, Mr. Boyd raised both hands above his head, and bent forward from the waist with his hands out to either side of his body.

19. Mr. Boyd then lowered to the ground with his hands outstretched and placed his right hand on the ground.

20. Defendant ADAM, running toward Mr. Boyd alongside Defendants PEREZ, CASIANO, and CASTRO, shouted "I'm going to kick you in your fucking mouth, you fucking piece of shit" at Mr. Boyd.

21. Immediately after shouting this threat, Defendant ADAM kicked Mr. Boyd in the head with his right boot.

22. Immediately following Defendant Adam's kick, Mr. Boyd said "I'm sorry."

23. Officers PEREZ, CASIANO, and CASTRO each then struck Mr. Boyd multiple times on the arms and upper body with their fists.

24. While Defendants PEREZ, CASIANO, and CASTRO struck Mr. Boyd repeatedly, Mr. Boyd was laying on the ground, with his empty hands covering his face and head to protect his head from further blows.

25. Defendant ADAM stood nearby and observed Defendants PEREZ, CASIANO, and CASTRO repeatedly strike Mr. Boyd, and overheard Mr. Boyd grunting at the force of the blows.

26. Defendant Officers did not observe any weapon on Mr. Boyd's person or in his hands at any time prior to, during, or after the strikes administered on Mr. Boyd, nor was Mr. Boyd in possession of any weapon.

27. Mr. Boyd did not strike or attempt to strike Defendant Officers at any time during the aforementioned interaction.

28. At the time that Defendant Officers struck Mr. Boyd, he was not fleeing or attempting to flee Defendant Officers.

## **CLAIMS FOR RELIEF**

### **Count I- 42 U.S.C. § 1983 - Excessive Force**
*(Plaintiff Boyd v. Defendant Officers)*

29. Plaintiffs incorporate and re-allege all preceding paragraphs as though fully plead herein.

30. The aforementioned conduct of Defendant Officers constituted excessive force in violation of the United States Constitution.

31. At all material times, Defendant Officers did not have a reasonable fear of imminent bodily harm, nor did they have a reasonable belief that any other person was in danger of imminent bodily danger from Plaintiff.

32. The aforementioned conduct of Defendant Officers was objectively unreasonable.

33. The aforementioned acts of Defendant Officers were undertaken intentionally, willfully, with malice, and with reckless indifference to Plaintiff's constitutional rights.

34. As a result of Defendant Officers' unjustified and excessive use of force, Plaintiff suffered injury and was forced to undergo medical treatment.

WHEREFORE, RAVON BOYD respectfully requests that this Court enter judgment against Defendants CLAUDE ADAM, ALAN PREZ, JUAN CASIANO, AND BRIAN CASTRO awarding compensatory damages, attorney's fees, and punitive damages, and for any further relief that this Court deems fair and just.

### **Count II- 42 U.S.C. § 1983 - Excessive Force- Failure to Intervene**
*(Plaintiff Boyd v. Defendant Adam)*

35. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

36. At all relevant times, Defendant ADAM held a higher rank within the authority structure of the Miami Police Department than Defendants PEREZ, CASIANO, and CASTRO.

37. At all relevant times, Defendant ADAM had the authority to order Defendants PEREZ, CASIANO, and CASTRO to cease or reduce their use of force against Plaintiff.

38. The aforementioned conduct of Defendant ADAM in failing to intervene to prevent the strikes by Defendants PEREZ, CASIANO, and CASTRO to Plaintiff's upper body and arms, despite having the opportunity to do so, violated the rights of Plaintiff under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure and excessive force, and caused the injuries set forth above.

39. The aforementioned acts of Defendant ADAM in failing to intervene were undertaken intentionally, willfully, with malice, and with reckless indifference to Plaintiff's constitutional rights.

40. Throughout the encounter with Plaintiff BOYD, Defendant ADAM had knowledge that the aforementioned conduct of Defendants PEREZ, CASIANO, and CASTRO, constituted unreasonably excessive force under the United States Constitution.

41. Throughout the encounter with Plaintiff, Defendant Adam had a realistic opportunity to intervene and prevent deprivation of Plaintiff's constitutional rights.

42. Defendant Officers, through the actions described above, deprived Mr. Boyd of his rights, privileges and immunities secured by the Fourth Amendment of the Constitution of the United States, by failing to intervene when Defendant Officers were conducting an unreasonable seizure and using excessive force against Plaintiff's person.

43. As a result of Defendant ADAM's failure to intervene, Mr. Boyd suffered injury.

WHEREFORE, Plaintiff BOYD respectfully requests that this Court enter judgment against Defendant CLAUDE ADAM and award compensatory damages, attorney's fees, and punitive damages, and for any further relief that this Court deems fair and just.

### COUNT III – Battery
*(Plaintiff Boyd v. Defendant Officers)*

44. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

45. The aforementioned acts constituted harmful and unlawful touching of Mr. Boyd's person.

46. The aforementioned contact was done without Mr. Boyd's consent.

47. As a direct and proximate result of Defendant Officers' acts, Mr. Boyd suffered damages, including physical and emotional injuries.

48. Defendant CITY OF MIAMI is vicariously liable for the acts of its agents, Defendant Officers, taken within the scope of their employment and under color of law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants CLAUDE ADAM, ALAN PREZ, JUAN CASIANO, AND BRIAN CASTRO, awarding compensatory damages and any further relief this Court deems just.

### COUNT IV – 42 U.S.C. §1983 – *Monell*
**(*Plaintiff v. Defendant City of Miami*)**

49. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

50. At all relevant times, Defendant CITY OF MIAMI had in effect policies, practices, or customs that condoned, fostered, and were the driving force of the unconstitutional conduct of Defendant Officers.

51. Defendant CITY OF MIAMI failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Florida and throughout the country.

52. Defendant CITY OF MIAMI failed to properly train Defendant Officers in one or more of the following areas:

   a. Adherence to a use of force policy or continuum, consistent with that used by law enforcement agencies in Florida and throughout the country;
   b. Use of force on non-resistant, passively resistant, and/or surrendering suspects; and
   c. Intervention against the improper, disproportionate, and excessive use of force by fellow officers.

53. Defendant CITY OF MIAMI failed to properly supervise Defendant Officers.

54. As such, Defendant CITY OF MIAMI was deliberately indifferent and reckless with respect to the potential violation of Mr. Boyd's constitutional right to be free from excessive force.

55. Defendant CITY OF MIAMI's policies, practices, customs, and/or failures were the moving force behind the actions of Defendant Officers, which resulted in the injuries to Mr. Boyd.

56. The failure to train constituted an official policy, a practice, or a custom of Defendant CITY OF MIAMI.

57. The failure to supervise constituted an official policy, practice, or a custom of Defendant CITY OF MIAMI.

58. Arresting an individual is a usual and recurring situation with which the agents of Defendant CITY OF MIAMI encounter on a regular basis.

59. As a direct and proximate result of the acts and omissions of Defendant CITY OF MIAMI, Mr. BOYD suffered injury and was forced to undergo medical treatment.

WHEREFORE, Plaintiff BOYD demands judgment against Defendant CITY OF MIAMI for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

Dated: December 30, 2020

Respectfully submitted,

**RUSSOMANNO & BORRELLO, P.A.**
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By: /s/ Herman J. Russomanno III
Herman J. Russomanno III
Fla. Bar No. 21249
herman2@russomanno.com

Antonio M. Romanucci (*pro hac vice to be filed*)
Nicolette A. Ward (*pro hac vice to be filed*)
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Phone: (312) 458-1000

H. Candace Gorman (*pro hac vice to be filed*)
**LAW OFFICE OF H. CANDACE GORMAN**
1509 W. Berwyn Avenue, Suite 207
Chicago, IL 60640
Ph: (312) 427-2312
hcgorman@igc.org

*Attorneys for Plaintiff*